IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. CR 22-01021-CJW |
| vs. | ) | |
| RASHAUN TERRANCE CARTER, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States hereby provides its sentencing memorandum.

**A.     Government Witnesses:**  TFO Adam Williams, if needed

**B.     Government Exhibits:**  GE 1 (PSR ¶ 46)
GE 2 (PSR ¶ 50)

**C.     Sentencing Issues:**  The presentence report identifies the following as issues for resolution at sentencing: (1) whether defendant is subject to a 2-level increase under USSG §2D1.1(b)(12); (2) whether defendant should be assessed 1 criminal history point for his conviction of Iowa Code §§ 299.1, 299.5A, and 299.6 for failing to comply with a school truancy agreement he signed regarding ensuring two of his minor children attended school (PSR ¶ 46); (3) whether defendant should be assessed 1 criminal history point for his conviction for reckless driving (PSR ¶ 50); and (4) whether an alcohol restriction is appropriate (PSR ¶ 104).

1

### Defendant Is Appropriately Assessed 2 Levels Under USSG §2D1.1(b)(12) For Maintaining a Premises

The Presentence Report assessed defendant with a 2-level increase under USSG §2D1.1(b)(12) for maintaining "a premises for the purpose of manufacturing or distributing a controlled substance." USSG §2D1.1(b)(12). The premise involved was a house defendant lived in from 2015-2017 at XXX West 17th Street, in Dubuque, Iowa. (PSR ¶ 5). Defendant sold drugs out of that residence and allowed others to do so as well, even after he moved his family elsewhere. (PSR ¶¶ 5, 9). The application notes for this offense characteristic provides:

> Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.
>
> Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.
>
> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

USSG §2D1.1 (comment n.17).

In 2017, when defendant moved his family elsewhere, he kept the property leased in his name and allowed others in defendant's drug conspiracy to use the

property to use the property to sell controlled substances, including Malcolm Thornton and J.B.. (PSR ¶ 5, Plea Agreement 15B). Defendant left the utilities for this residence in his name. (PSR ¶ 5, Plea Agreement 15B). Defendant "knew that heroin was being sold out of the residence at XXX West 17th Street and sometimes steered customers to the residence at said address to obtain heroin." (PSR ¶ 5, Plea Agreement 15B).

A number of trash searches at the XXX West 17th Street address revealed indicia of drug trafficking. (PSR ¶¶ 6-8, 10-11; Plea Agreement ¶¶ 15C-E, G-H). Surveillance of XXX West 17th Street resulted in officers seeing numerous individuals including defendant engage in drug transactions at the residence (PSR ¶¶ 7, 9; Plea Agreement ¶ 15J). Law enforcement also conducted controlled transactions at XXX West 17th Street and seized drugs from persons known to be selling cocaine and heroin there. (PSR ¶¶ 12, 13, 14, 15).

In this case defendant leased the property at XXX West 17th Street, had the utilities in his name, and he and his co-conspirators sold drugs out of the residence, even after defendant moved his family to another residence in Dubuque. Defendant rented the property and kept the utilities in his name even after moving out, and "maintained" the residence within the meaning of USSG §2D1.1(b)(12). The drug trafficking activities by defendant and his co-conspirators was not incidental or collateral, the property was used a regular and routine drug distribution location by defendant and his conspirators. Applying the increase under USSG §2D1.1(b)(12) is appropriate in this case. *See United States v.*

*Hernandez Lopez*, 24 F.4th 1205 (8th Cir. 2022) (applying USSG §2D1.1(b)(12) adjustment for defendant who used the basement of his own residence to store methamphetamine).

**Defendant Is Correctly Assessed 1 Criminal History Point for Violating Iowa's Compulsory Education Law (PSR ¶ 46)**

On May 16, 2014, defendant and his wife signed a Truancy Mediation agreement with the Dubuque Community School System agreeing they would ensure his two minor children would attend school. (PSR ¶ 46; Government Exhibit 1, at 5). On August 14, 2014, defendant refused to comply with the agreement, and the matter was referred for prosecution. (PSR ¶ 46; Government Exhibit 1, at 5-7). Defendant was convicted of Compulsory Education Law Violation, First Offense, in violation of Iowa Code §§ 299.1, 299.5A, and 299.6, and was sentenced to two years' probation. (PSR ¶ 46; Government Exhibit 1, at 1-2).

Iowa law requires children of compulsory age to attend school. Iowa Code § 299.1. If a child who is subject to compulsory education is absent from school, and the "parent, guardian, or legal or actual custodian, or child refuses to accept the school's attempt to assure the child's attendance or the school's attempt to assure the child's attendance is otherwise unsuccessful, the truancy officer shall refer the matter to the county attorney for mediation or prosecution." Iowa Code § 299.5A.

If the matter is referred for mediation, and the parties reach an agreement to ensure the child's educational needs are met, "the agreement shall be reduced to writing and signed by a school officer, parent, guardian, or legal or actual custodian, and the child. The mediator, the school, and the parent, guardian, or legal or actual

custodian shall each receive a copy of the agreement, which shall set forth the settlement of the issues and future responsibilities of each party." Iowa Code § 299.5A.

"If a parent, guardian, or legal or actual custodian refuses to engage in mediation or violates a term of the agreement, the matter shall be rereferred to the county attorney for prosecution under section 299.6." Iowa Code § 299.5A. If a person violates a mediation agreement "commits a public offense" and if it is a first offense the crime is "a simple misdemeanor." Iowa Code § 299.6. The Iowa Supreme Court has found the Iowa Code § 299.6 to be a penal statute that applicable to the adult custodian and not the minor child, although the juvenile is committing the act of truancy. *In re J.T.*, 715 N.W.2d 770, 2006 WL 782481 (Iowa Ct. App. 2006) (unpublished).

USSG §4A1.2(c) provides:

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

    Careless or reckless driving
    Contempt of court
    Disorderly conduct or disturbing the peace
    Driving without a license or with a revoked or suspended license
    False information to a police officer
    Gambling
    Hindering or failure to obey a police officer
    Insufficient funds check
    Leaving the scene of an accident
    Non-support

>     Prostitution
>     Resisting arrest
>     Trespassing.
>
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
>     Fish and game violations
>     Hitchhiking
>     Juvenile status offenses and truancy
>     Local ordinance violations (except those violations that are also violations under state criminal law)
>     Loitering
>     Minor traffic infractions (e.g., speeding)
>     Public intoxication
>     Vagrancy.

USSG §4A1.2(c). In determining if an offense is to be counted under USSG §4A1.2(c):

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

USSG §4A1.1 (comment n.12(A)).

Records obtained by the probation office show defendant was 37 when he allowed his children to become truant from school, entered into an agreement under Iowa law with the State to ensure his children attended school, and subsequently violated that agreement and committed a crime under Iowa law. (PSR ¶ 46). Defendant received a sentence of 2 years' probation. (PSR ¶ 46).

6

Defendant asserts his akin to a juvenile status offense relying upon *United States v. Weller*, 102 F. Supp. 3d 1065, 1079 (N.D. Iowa 2015). Defendant's reliance on *Weller* is misplaced. In *Weller*, the court found a defendant's conviction "for contributing to the delinquency of a minor, consisting of encouraging minors to violate a curfew ordinance, should not be awarded a criminal history point" under USSG §4A1.1. *United States v. Weller*, 102 F. Supp. 3d 1065, 1079 (N.D. Iowa 2015). In *Weller*, the defendant's contributing to the delinquency of a minor offense was coupled with his other crime of possession of an open container of alcohol. *Id.* at 1067. These crimes occurred when Weller was 19 years old (under the legal drinking age of 21), riding with two minors in possession of open containers of alcohol, at a time when the juveniles were supposed to be home. *Id.* The offense occurred the day after Mr. Weller graduated from high school. *Id.* Here, defendant was clearly an adult who entered into an agreement to ensure his children attended school and chose to violate his agreement with the school, for which he received a 2-year term of probation. (Government Exhibit 1).

In context, when the sentencing guidelines indicate "Juvenile status offenses and truancy" should not be assessed criminal history points, it is referring to those types of crimes personally committed by the defendant, when the defendant was a youthful offender. In this case defendant was not personally truant and was clearly not a youthful offender when he allowed his children to become truant. The defendant's crime was failing to comply with the agreement he made to ensure his children were in school. Defendant's crime was not a crime based upon his juvenile

7

status. The presence report correctly finds defendant's violation of his agreement to ensure his children attended school was akin to a contempt of court. Defendant is correctly assessed 1 criminal history point for this offense.

**Defendant Is Correctly Assessed 1 Criminal History Point for Reckless Driving (PSR ¶ 50)**

At paragraph 50, the presence report assessed defendant with 1 criminal history point for his conviction in Stephenson County, Illinois for the offense of reckless driving that resulted in a 2-year term of probation. (PSR ¶ 50; Government Exhibit 2). Under USSG §4A1.1(c), since defendant received a probationary sentence of 1 year or more, he is appropriately assessed a criminal history point for this conviction, based upon records obtained by the probation office (Government Exhibit 2).

**Imposition Of an Alcohol Condition Is Appropriate In This Case**

Defendant objects to a proposed condition that he "must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office." (PSR ¶ 104). Defendant has multiple alcohol and intoxication-related offenses. (PSR ¶¶ 38, 39, 43, 47, 50). Defendant is going to be sentenced for a drug offense and has prior drug-related offenses or conduct. (PSR ¶¶ 1, 44, 47). Defendant is currently 45 years old, and has a self-reported history of alcohol use from ages 18 to 44, and marijuana use from ages 18 to 45. (PSR ¶¶ 80, 81). Records show defendant's last substance abuse treatment was in 2001. (PSR ¶ 83).

Courts have "broad discretion" in imposing special conditions of supervised release, but each condition must (1) be "reasonably related" to the sentencing factors set forth in 18 U.S.C. § 3553(a), (2) involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)," and (3) be "consistent with any pertinent policy statement issued by the Sentencing Commission." *See United States v. Woodall*, 782 F.3d 383, 385-86 (8th Cir. 2015) (internal quotation omitted).

Title 18, United States Code, Section 3583 permits the district court to impose "any . . . condition it considers to be appropriate" so long as the condition "is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)" and "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." Similarly, the sentencing guidelines permit a court to impose discretionary terms of supervised release that:

> (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

USSG §5D1.3(b).

"'In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and circumstances underlying a case and

9

make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) (quoting *United States v. Springston,* 650 F.3d 1153, 1156 (8th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 1905 (2012)). "A special condition need not be related to all the factors; the factors are to be weighed independently." *Id.* (quoting *Springston*, 650 F.3d at 1155-56).

Defendant has a long history of alcohol and drug use and legal problems resulting from drug or alcohol use. He does not have a recent history of drug or alcohol treatment, with his last treatment being in 2001. (PSR ¶ 83). Imposition of the proposed condition is in order based upon defendant's background and treatment history. Of course, if defendant completes alcohol or drug treatment while in the Bureau of Prisons custody, and demonstrates that the condition is not needed, he can work with his probation officer to have it removed as part of a modification of his supervised release.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, /s/ *Patrick J. Reinert*

PATRICK J. REINERT
Assistant United States Attorney
111 Seventh Avenue SE
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (fax)
Pat.Reinert@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ TVM