IOWA DISTRICT COURT FOR DUBUQUE COUNTY

| | |
|---|---|
| STATE OF IOWA,<br><br>                **Plaintiff,**<br><br>vs<br><br>**RASHAWN CARTER**<br><br>DUBUQUE IA 52001<br><br>DOB: /1977<br><br>                **Defendant.** | Case No: 01311 SMCR114119<br><br><br>JUDGMENT AND<br>SENTENCE |

    The Defendant entered a guilty plea in the above-entitled matter. The Court has reviewed the signed petition to plead guilty and considered the statements of the Defendant. The Court finds the Defendant understands the charge(s), the penal consequences and the constitutional and statutory rights being waived. Based on the statements of the Defendant and/or the minutes of testimony adopted by the Defendant, the plea has a factual basis and is knowing, voluntary and intelligent. **DEFENDANT'S PLEA AND WAIVER OF RIGHTS ARE ACCEPTED.**

    On inquiry, no legal cause has been shown to prevent sentencing on this date. Defendant was given an opportunity or waived his right to speak in mitigation of the sentence. The following sentence is based on all the available **SENTENCING CONSIDERATIONS** set out in Iowa Code Section 907.5. The court finds the following factors the most significant in determining this particular sentence:

- The nature and circumstances of the crime
- The Plea Agreement

**IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant is guilty of the offense of: Compulsory Education Law Violation, in violation of Iowa Code Sections 299.1, 299.5A and 299.6. The offense was committed on August 19 2014, to present.

    It is the sentence of the Court under that section and Section 903.1 as follows:

## 1. Incarceration:

    The Defendant is to be incarcerated in the DUBUQUE County Jail for a period of 10 days. Concerning said sentence:
It is suspended in full.

Government Exhibit 1
Case 22-CR-01021

The Defendant is credited with any time previously served on the sentence imposed.
The jail sentence shall be served concurrent to OWCR116745, Counts I-II, if revoked.

## 2. Fine and Restitution.

Pursuant to Iowa Code Section 910.2, and finding that the defendant is reasonably able to pay, the defendant shall pay and judgment is imposed against the defendant as follows:
**Court costs** in the amount of $60.00 . (Amount known now) (Clerk will assess any additional)
**Sheriff Correctional fees** pursuant to Iowa Code Section 356.7.
**Court-appointed attorney's fees and expenses** in the amount of **$** (See OWCR116745) or the amount actually submitted to the State Public Defender's Office, whichever is less. The Court hereby finds that the Defendant has the reasonable ability to pay the attorney fees in this amount.

**The amount due will be available after this order is processed by the Clerk of Court at https://www.iowacourts.state.ia.us/ESAWebApp/DefaultFrame?in=1 or at www.iowacourts.gov by following the links for Online Court Records. The Defendant is hereby put on notice that court costs are often submitted and assessed after sentencing and the Defendant is responsible for payment of these costs as set forth below.**

**Plan of Payment:**
The costs shall be included in the payment plan for Case No. OWCR116745-Count I.

## 3. PROBATION AND/OR OTHER SENTENCING PROVISIONS.

**Probation period:** Defendant is placed on probation for a period of 24 months.
**Informal probation:** Defendant is placed on probation to the Court with no monitoring requirement.
**Reporting requirement:** Defendant must report any new arrest/citation (other than minor traffic) to the court in writing, within 7 days of arrest/citation.

**The Defendant is advised that this is a final judgment of the Court and that the Defendant has a right to take an appeal. Written Notice of Appeal must be given to the Clerk of Court within 30 days of this judgment. Failure to give this Notice of Appeal will result in the Defendant losing the right to appeal. Bond on appeal is set in the amount of $** (See OWCR116745-Count I) **cash or surety. Defendant's appearance bond is ordered released and sureties exonerated, excluding bonds previously forfeited, subject to clerk's offset.**

Dated: 12/17/15

**Please Note:** If you require assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 319/833-3332. If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942. The disability coordinator cannot provide legal advice.



State of Iowa Courts

**Case Number**     **Case Title**
SMCR114119          ST V  RASHAWN CARTER
**Type:**           ORDER OF DISPOSITION

So Ordered

Robert J. Richter, District Associate Judge,
First Judicial District of Iowa

Electronically signed on 2015-12-17 10:49:22

IN THE DISTRICT COURT OF IOWA, IN AND FOR DUBUQUE COUNTY

| | |
|---|---|
| STATE OF IOWA<br><br>VS.<br>Rashawn Carter<br>████████<br>Dubuque, IA 52001<br><br>DOB: unknown | ) BEFORE THE PRESIDING<br>) JUDGE OR MAGISTRATE<br>)<br>)<br>)<br>) IOWA DISTRICT COURT<br>) COURTHOUSE<br>) DUBUQUE, IOWA<br>)<br>) CRIMINAL NO. 01311_____ |

## COMPLAINT

The Defendant, Rashawn Carter, is accused of the crime of:
**COMPULSORY EDUCATION LAW VIOLATION**
in that the Defendant did on or about the school year beginning August 19, 2014 to present, in Dubuque County, Iowa did:

Not cause his children to attend a public school, an accredited non-public school or competent private instruction, said children being of compensatory attendance age, and refuses to comply with a truancy mediation contract. **In violation of section(s) 299.1, 299.5A, and 299.6 of the Iowa Code.**

_____
JUVENILE COURT SCHOOL LIAISON

Subscribed in my presence and sworn to before me this 20th day of Jan., 2015

_____
Notary Public, State of Iowa

(Seal: COLLEEN KAY GITTER, COMMISSION NO. 173102, MY COMMISSION EXPIRES 2/22/18)

---

The foregoing Complaint with attached affidavit having been filed before the undersigned, it appears from said Complaint and affidavit that there is probable cause to believe an offense has been committed and that the defendant committed the offense.

Dated this _____ day of _____, _____.

BY THE COURT:

_____
JUDGE    MAGISTRATE
IOWA DISTRICT COURT

STATE OF IOWA      )
                   )   SS:      AFFADAVIT
                   )
DUBUQUE COUNTY

The undersigned, being first duly sworn, states the following in support of probable cause to believe the offense charged has been committed and that the Defendant has committed it:

The Dubuque Community School District's records indicate that on or about August 19, 2014, the defendant, Rashawn Carter, enrolled his children K.C. and M.C. in the Dubuque Community Schools. K.C is a student at Jefferson Middle School and compulsory age of 13 and M.C. is a student at Audubon Elementary School and compulsory age of 10. According to the school district's attendance policy, the students are expected to be in attendance every day of the school year. Any child of compulsory attendance who fails to attend school as required by the school board's policy, without reasonable excuse for the absence, shall be deemed truant. According to the school board policy, as well as Iowa Code 299.5A, "If a parent, guardian, or legal or actual custodian, or child refuses to accept the school's attempt to assure the child's attendance is otherwise unsuccessful, the truancy officer shall refer the matter to the County Attorney for mediation or prosecution."

A Truancy Mediation Agreement was signed on May 16, 2014. At that time, K.C. had missed 20.5 days of school, 16 were unexcused. M.C had missed 13 days, 9 were unexcused. ▮▮▮▮▮ was in attendance at Mediation, however, father of both children, Rashawn Carter, failed to appear, and was given until May 22, 2014 to contact me to review the contract. Having never heard from Rashawn, I left a message for him on May 22, 2014, and never heard back from him. To date, Rashawn has never returned my phone call to review the agreement. K.C. missed ½ day (arrived at 9:19a.m. on 5-27-14) for the 2013-2014 school year after the agreement was signed. She did, however, accrue 13 tardies. M.C. did not accrue any absences for the 2013-2014 school year after the agreement was signed. He did, however, accrue 9 tardies.

Violations of the Mediation Agreement have accrued over the 2014-2015 school year. Parental lack of compliance and failure to appear for meetings have made it difficult to help K.C and M.C. improve their attendance this year. On August 28, 2014, I received a call from ▮▮▮▮▮ indicating that she would not be able to make the Mediation Review scheduled for September 2, 2014. She reported that she would call me back at a later date with a new date and time she could attend. ▮▮▮▮ later agreed to meet for a review on September 25, 2014 at Jefferson Middle School. ▮▮▮▮ did not show for this meeting. A letter was sent to ▮▮▮▮▮ on September 30, 2014 warning about prosecution.

On December 16, 2014, Ed Glaser had scheduled a meeting with ▓ to attempt, again, to discuss attendance concerns for M.C. at Audubon. ▓ had agreed to meet with Mr. Glaser and I but did not show for this meeting, either. Since this was the third meeting attempted, the decision was made to forward this case to the Assistant County Attorney for prosecution. A letter was sent to ▓ and Rashawn on December 17, 2014, informing them about the referral for prosecution. ▓ called me on December 19, 2014, after receiving notice about the referral for prosecution, and unfortunately, was unable to resolve or discuss concerns with me because she would not refrain from yelling, therefore, I had to end the conversation with ▓.

Chronic absenteeism and truancy concerns are not a new issue for K.C and M.C. or their siblings. Mediation expectations should also be familiar with ▓ Mediation contracts were in place for K.C., and two of her older siblings in 2007-2008. A Mediation contract was also in place for K.C and M.C. for the 2010-2011 school year. Again, K.C and M.C were placed back on Mediation for the 2013-2014 school year.

In 6th grade, K.C accrued 13.5 absences and 22 tardies. In 7th grade, she accrued 21 absences and 81 tardies, and currently, in 8th grade has missed 9.5 days and has accrued 22 tardies. In 4th grade, M.C. accrued 14 absences and 40 tardies. Currently, in 5th grade, he has accrued 5 absences and 54 tardies.

*The following violations for K.C. were recorded by Jefferson Middle School Attendance Secretary, Karen White:*

08/22/2014   OtherUEHlf; in 10:01/no call or note

08/25/2014   PrsBus ; left message ▓ said migraine and when I talked to mom on 8/26 she said funeral?

09/08/2014   Other_UE; left message/asked ▓ for a note also/nothing as of 9/10

09/19/2014   OtherUEHlf; in 9:35

09/29/2014   OtherUEHlf; in 9:47

10/22/2014   OtherUEHlf; in 9:49

11/07/2014   OtherUEHlf; in 10:12

11/11/2014   Other_UE; vomiting/fever/called mom

11/18/2014   OtherUEHlf   in 9:25/no call or note

11/19/2014   OtherUEHlf; in 9:54

12/03/2014   Other_UEHlf; in 9:14/said overslept/no note or call

12/04/2014     OtherUEHlf; in 9:32

12/11/2014     Other_UE; left message/no call back or note as of 12/15

12/19/2014     Other_UE; left message/no call or note as of 1/5

01/06/2015     OtherUEHlf; in 11:21/no call or note

*The following violations were recorded by Audubon Elementary School for M.C:*

09/11/2014     Other_UE; Sick Per mom this morning while dropping off student's brother no doc note or nurse asses/djr

11/18/2014     OtherUEHlf; Left message/djr In at 10:30/djr

12/01/2014     Other_UE; Left message/djr

12/08/2014     Other_UE; Left message/djr

12/11/2014     OtherUEHlf; Left message/djr In at 10:23/djr

12/12/2014     Tardy_UE; In at 9:36/djr; Attempted to call ▆▆▆ on 12/9/14, 12/11/14 and 12/14/14. I continue to get a voicemail and have left messages to call me. E. Glaser

Clearly, since 2007, there have been numerous documented attempts to resolve the attendance concerns for ▆▆▆▆ and Rashawn Carter's children.  It has been difficult to make significant progress with addressing and improving attendance due to ▆▆▆ lack of compliance and failure to comply with interventions attempted to build the habit of good attendance for her and Rashawn's children.  Although ▆▆▆ has reportedly been custodial parent and making school decisions for the children the majority of the time over the years, Rashawn has shared custody of the children.  As recently as a year ago (February 2014) ▆▆▆ reported that the children would be staying with Rashawn and "everything would be turned over to him."  On February 5, 2014, K.C. also reported that she had been living with her father during the week and staying with her mother on the weekends.  Again, on March 13, 2014, ▆▆▆ reported to (former) Audubon School Counselor, Diane Pitzen, that M.C would be living with his dad beginning Mid-March 2014.  Although most of the contacts about attendance have been directed towards ▆▆▆ it is believed that Rashawn should be held accountable for their lack of attendance as well, particularly due to his failure to appear for Mediation.


_____
Juvenile Court School Liaison, Affiant

Subscribed and sworn to before me this 20th day of Jan., 2015

_____
Notary Public, State of Iowa

[Notary seal: COLLEEN KAY CITTER, Commission No. [illegible], My Commission Expires 2/22/18]