IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-CR-01021-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| RASHAUN TERRANCE CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE AND DEPARTURE

The United States hereby provides its response to defendant's sentencing memorandum and motion for departure (Docket 88).

## Sentencing Guidelines Issues

The presentence report identifies the following as issues for resolution at sentencing: (1) whether defendant is subject to a 2-level increase under USSG §2D1.1(b)(12) (PSR ¶¶ 20/25); (2) whether defendant should be assessed 1 criminal history point for his conviction of Iowa Code §§ 299.1, 299.5A, and 299.6 for failing to comply with a school truancy agreement he signed regarding ensuring two of his minor children attended school (PSR ¶ 46); (3) whether defendant should be assessed 1 criminal history point for his conviction for reckless driving (PSR ¶ 50); and (4) whether an alcohol restriction is appropriate (PSR ¶ 104).

1

Defendant indicates he intends to withdraw his objections to paragraphs 20, 25, 46 and 50, so the Court will not need to consider those as objected matters and can apply the sentencing guidelines as set forth in the presentence report. The United States has previously briefed the propriety of the alcohol restriction in its sentencing memorandum (Docket 81) and will address the variance or departure grounds raised by defendant below.

## Variance and/or Departure Issues

Defendant is seeking a downward departure/variance for the following grounds: (1) overstatement of criminal history; and (2) his caretaking role of his son. The Court should decline to downwardly depart or vary on these grounds.

## Overstatement of Criminal History

The presentence report finds, defendant has four juvenile delinquency adjudications (including for extortion, tampering with a witness and burglary 3rd degree) (PSR ¶¶30-32A), and 18 adult convictions (including OWI (PSR ¶¶ 41, 47), trespass with injury (PSR ¶ 43), delivery of a controlled substance (PSR ¶ 44), trespass (PSR ¶ 45), a compulsory education conviction for failing to ensure his children were in school (PSR ¶ 46), driving with a suspended or revoked license (PSR ¶¶ 48, 49), and reckless driving (PSR ¶ 50)) (PSR ¶¶ 33-50). Defendant was also assessed criminal history points for committing the instant offense while under court supervision. (PSR ¶ 52). Defendant has a criminal history of category III. Defendant suggests he should be treated as a criminal history category II offender.

2

The Court may depart for overrepresentation of criminal history under USSG §4A1.3(b)(1) if the criminal history category substantially over-represents <u>the seriousness of defendant's criminal history</u>. Defendant focuses on the convictions that were assessed criminal history points but does not discuss the rest of the defendant's criminal history, including the unscored criminal convictions and juvenile adjudications. The unscored criminal history shows a pattern of behavior as a juvenile that continued into adulthood resulting in 18 convictions, including a drug delivery, multiple driving offenses, and assaultive behavior that were not assessed criminal history points.

Many times, a defendant's past pattern of behavior is a prologue for a defendant's future conduct. Ignoring a defendant's unscored criminal convictions and juvenile adjudications, results in a skewing of a defendant's criminal history that can lead to an unduly reduced sentence that may not meet the sentencing standards of 18 U.S.C. § 3553(a). This defendant's criminal history category of III does not overstate the "seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." A downward departure for criminal history is not warranted.

**Departure for Family Circumstances under USSG §5H1.6**

Defendant seeks a downward departure under USSG §5H1.6, which provides in relevant part:

> In sentencing a defendant . . . family ties and responsibilities are ordinarily not relevant in determining whether a departure may be warranted.

3

USSG §5H1.6. The application notes non-exhaustive list including "danger, if any, to the defendant's family as a result of the offense," (USSG §5H1.6, comment n.1) and when the departure is based upon the loss of caretaking:

> requires, in addition to the court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances:
>
> (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
>
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
>
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
>
> (iv) The departure effectively will address the loss of caretaking or financial support.

USSG §5H1.6 (comment. n.2).

Insofar as there is a risk of danger to defendant's family, is not due to defendant's criminal conduct, and any current risk of danger to defendant or his family may be covered by another guideline provision. It is not warranted to

4

Case 2:22-cr-01021-CJW-MAR    Document 89    Filed 07/14/23    Page 4 of 5

consider the risk to defendant's family under this provision of the guidelines in addition to any other provision.

Regarding the loss of care taking for defendant's 13 year-old child, defendant acknowledges that the child is now in the care of defendant's mother. The presentence report also shows defendant has other adult children (PSR ¶ 70, 71) who could help with the care of any minor child. There are no medical conditions from which the child is suffering, or any extreme issues that adversely impact the care of the child by defendant's mother, or other responsible adult. There is nothing about the circumstances of defendant's minor child that presents an extraordinary reason for a reduced sentence.

WHEREFORE, the United States requests the Court deny defendant's motion for departure or variance for the reasons asserted by defendant.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, /s/ *Patrick J. Reinert*

PATRICK J. REINERT
Assistant United States Attorney
111 Seventh Avenue SE
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (fax)
Pat.Reinert@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ MAM*